366 F.2d 632
 The CHRONICLE PUBLISHING COMPANY, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
American Broadcasting Companies, Inc., Intervenor.
CROCKER LAND COMPANY, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
American Broadcasting Companies, Inc., Intervenor.
 No. 19486.
 No. 19487.
 United States Court of Appeals District of Columbia Circuit.
 Argued December 16, 1965.
 Decided July 22, 1966.
 
 Mr. Robert L. Heald, Washington, D. C., with whom Mr. Edward F. Kenehan, Washington, D. C., was on the brief, for appellant Chronicle Pub. Co.
 Mr. William E. Jackson, New York City, for appellant Crocker Land Co.
 Mr. Joseph A. Marino, Counsel, F. C. C., with whom Messrs. Henry Geller, Gen. Counsel, and John H. Conlin, Associate Gen. Counsel, F. C. C., were on the brief, for appellee. Mrs. Lenore Ehrig, Counsel, F. C. C., also entered an appearance for appellee.
 Mr. David S. Stevens, Washington, D. C., with whom Messrs. James A. McKenna, Jr., and Thomas N. Frohock, Washington, D. C., were on the brief, for intervenor.
 Before BAZELON, Chief Judge, and DANAHER and WRIGHT, Circuit Judges.
 PER CURIAM:
 
 
 1
 These protracted proceedings present the basic question as to where an antenna farm serving the San Francisco area should be erected. The cases arise in the context of two applications for permission to increase the height of antennas, one filed by Chronicle Publishing Company, licensee of Television Station KRON-TV, San Francisco, and the other by American Broadcasting Companies, Inc., licensee of Television Station KGO-TV, San Francisco. The Federal Aviation Agency, after a full hearing in a proceeding participated in by both these parties, determined that granting the Chronicle application would result in a hazard to air navigation, whereas granting the application of American Broadcasting Companies, Inc., would not. Pursuant to these F.A.A. findings, the Commission, for reasons stated in two full opinions,[1] granted the KGO-TV application and denied the application filed by Chronicle.
 
 
 2
 Since we are in agreement with the action taken by the Commission in these cases for the reasons stated in its opinions, its orders herein are
 
 
 3
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Chronicle Publishing Co., 4 Pike & Fischer R.R.2d 579 (1965); 5Id. 635 (1965).
 
 
 BAZELON, Chief Judge (dissenting):
 
 4
 Appellant contends that the FCC erred in granting the application of intervenor American Broadcasting Companies, Inc., (licensee of KGO-TV) for an antenna height increase in the San Francisco area without comparative consideration of the application of appellant (licensee of KRON-TV) for an antenna height increase in the same area. See Ashbacker Radio Corp. v. United States, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945). A comparative hearing was denied by the Review Board because "insufficient facts had been alleged which would warrant the addition of a comparative issue." The Commission affirmed this determination, and stated:
 
 
 5
 Chronicle has alleged no facts concerning flight patterns, arrivals and departures, the effect of the increased tower height upon radar control of airplanes, specific proposals for revisions of flight procedures, or other facts, which, if proven, would establish that its proposal would constitute a hazard to air navigation only if KGO-TV's application is also granted. Neither did it submit any proposals or allege any facts to indicate that a revision of aeronautical procedures and operations to accommodate Chronicle's proposed tower could be effected except for the proposed increase of tower height [of KGO]. Only on the basis of such factual submissions may it be determined that there exists a reasonable likelihood of mutual exclusivity requiring comparative consideration. [Emphasis supplied].
 
 
 6
 The Commission later refused to consider affidavits filed by appellant in response to the above requirements, because of "failure to plead earlier the factual allegations upon which it now relies and the absence of any satisfactory excuse for such failure."
 
 
 7
 Neither in this proceeding, which began in 1956, nor in any other cited to us has the Commission required the above detailed aeronautical data to support a request for a comparative hearing. I think the Commission's refusal to consider appellant's amplified pleadings was therefore error under KGMO Radio-TV, Inc., v. FCC, 119 U.S.App.D.C. 1, 336 F.2d 920 (1964), in which this court said:
 
 
 8
 We think it is within the Commission's authority to require more information than appellant gave. But since appellant had no notice, in the Commission's past decisions or otherwise, that more would be required, the petition should not be denied on the ground that more was not furnished.
 
 
 9
 Notice of the rigid pleading requirements was particularly critical here since intervenor had been granted a comparative hearing in 1959, later deleted by the Commission for reasons not here relevant, on pleadings which would not have met the requirements set forth in the opinion denying appellant's motion.
 
 
 10
 I would remand to the Commission with directions to consider appellant's amplified pleadings.